110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Brian BONNER, Defendant-Appellant.
 No. 96-30174.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Brian Bonner appeals his 27-month sentence imposed following a guilty plea to possession of stolen mail in violation of 18 U.S.C. §§ 1702 and 2. Bonner contends that the district court erred by considering uncharged conduct as relevant conduct in calculating his base offense level, and by applying a two-point adjustment for more than minimal planning under U.S.S.G. § 1B1.1. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the United States Sentencing Guidelines, and review its application of the guidelines for abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review for clear error the district court's factual findings, see id., and we affirm.
 
 I. Relevant Conduct
 
 3
 Bonner contends that the district court erroneously considered three prior incidents as relevant conduct in calculating his base offense level because those prior incidents were not part of a "common scheme or plan," or the "same course of conduct," and the same conduct was not considered in calculating his co-defendant's sentence. We disagree.
 
 
 4
 The essential components for determining whether an act constitutes relevant conduct under the guidelines are its "similarity, regularity, and temporal proximity" to the offense of conviction. See United States v. Hahn, 960 F.2d 903, 910 (9th Cir.1992). Offenses are part of a "common scheme or plan" if they are substantially connected to another offense by a common victim, accomplice, purpose, or modus operandi. See U.S.S.G. § 1B1.3, comment. (n. 9(A)) (Nov. 1995). "[D]isparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines," unless the defendant can show that the disparity resulted from use of inadmissible or incorrect information, or an incorrect application of the guidelines. United States v. Taylor, 991 F.2d 533, 536 (9th Cir.1993) (citations and quotations omitted).
 
 
 5
 The district court found that the prior incidents were appropriately considered as relevant conduct because they were sufficiently connected or related to the offense of conviction and were part of the same course of conduct. The district court also cited the absence of a stipulation limiting relevant conduct in Bonner's case as the rationale behind the disparate sentences.
 
 
 6
 Bonner has not shown that the sentencing disparity resulted from incorrect or inadmissible information or an incorrect application of the guidelines. The district court's acceptance of the co-defendant's stipulation did not require it to grant Bonner the same privilege. See id. (defendant's sentence affirmed where co-defendant stipulated that U.S.S.G. § 2B5.1(b)(2) did not apply and received lower sentence than defendant). Thus, Bonner does not have sufficient grounds to challenge his sentence. See id.
 
 
 7
 The district court properly considered the three incidents as relevant conduct because they involved the same accomplice, purpose, and modus operandi of the crime of conviction. Moreover, the prior incidents involved similar conduct and occurred on three occasions within six months of the crime of conviction. See U.S.S.G. § 1B1.3, comment. (n. 9(A), (B)). Accordingly, the district court did not err by including these prior incidents as relevant conduct. See Robinson, 94 F.3d at 1327.
 
 II. More Than Minimal Planning
 
 8
 Bonner contends that the district court erroneously adjusted his sentence, because stealing mail was simple and purely opportune. Additionally, Bonner contends that the district court's decision not to adjust his co-defendant's base offense level for identical conduct precludes such an adjustment in his case. We disagree.
 
 
 9
 " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1 comment, (n. 1(f)); See United States v. Lindholm, 24 F.3d 1078, 1086 (9th Cir.1994). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n. 1(f)); see U.S.S.G. § 2B1.1. A district court may apply an upward adjustment to one defendant and not the other when it believes one defendant is more culpable, even if disparate sentences result. See United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990).
 
 
 10
 The district court found more than minimal planning based on Bonner's repeated acts of stealing checks and mail over a short period of time.
 
 
 11
 The district court did not err by adjusting Bonner's sentence because Bonner stole checks on at least two occasions in six months. See U.S.S.G. § 1B1.1; Lindholm, 24 F.3d at 1086.
 
 
 12
 The district court also rejected Bonner's claim that the adjustment could not apply to him, since it was not applied to his co-defendant's sentence.
 
 
 13
 As stated earlier, the law does not require the district court to make identical rulings in co-defendants' cases. See Taylor, 991 F.2d at 536; Carpenter, 914 F.2d at 1135-36 (defendant's sentence affirmed where district court applied upward adjustment to him, but not his co-defendant). Accordingly, the district court did not err by adjusting Bonner's base offense level pursuant to U.S.S.G. § 1B1.1. See U.S.S.G. § 1B1.1; Lindholm, 24 F.3d at 1086; Carpenter, 914 F.2d at 1135-36.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3